Placard *v.* State, *ex rel.* Scholl.

---

PLACARD *v.* STATE, EX REL. SCHOLL.

[No. 18,005. Filed September 17, 1897.]

APPEAL.—*Assignment of Error.—Mandamus.*—On appeal from an order directing the issue of a peremptory writ of mandate, an assignment that the court erred in overruling the demurrer to the "complaint," cannot be considered, where the demurrer was addressed to the alternative writ, and not to the complaint or petition, and the alternative writ is not in the transcript. *p. 307.*

SAME.—*Assignment of Error.—Mandamus.*—On appeal from an order directing the issue of a peremptory writ of mandate, a demurrer to the answer and return of an alternative writ cannot be considered where the alternative writ is not in the record. *p. 307.*

SAME.—*Mandamus.*—Where a peremptory writ of mandate has been ordered by the trial court against a justice of the peace, in his official capacity, assignments of error cannot be considered on appeal where they merely present causes of error on behalf of the appellant as an individual. *p. 308.*

VOL. 148—20

From the Madison Circuit Court. *Affirmed.*

*Herman F. Willkie* and *Kittinger & Reardon,* for appellant.

*William F. Edwards, C. K. Bagot* and *T. Bagot,* for appellee.

HACKNEY, J.—The appellant appeals from an order of the circuit court directing the issue of a peremptory writ of mandate against him as justice of the peace, ordering him, as such officer, to grant to James Scholl a change of venue in an action by the town of Orestes against said Scholl, pending before him, said justice. The petition for the alternative writ was entitled as in a proceeding against Edward S. Placard in his official capacity, and its allegations were as to the official misconduct of said Placard in refusing a change of venue. The court ordered that the alternative writ issue, and, thirteen days later, a demurrer was filed on behalf of the respondent which was addressed "to the writ herein issued." Said demurrer was overruled and the respondent made "return to alternative writ herein," in two separate statements or paragraphs, one in denial, and the other alleging that he had ruled upon all questions presented in the cause, "a transcript of which proceedings are [is] attached to this complaint and made a part thereof, marked 'Exhibit A';" that "he is" the only justice of the peace in said town; that he denied Scholl's application for a change of venue; that Scholl refused to plead further; that judgment was rendered against him and that he prayed an appeal and filed an appeal bond. "Exhibit A," with the petition, was a copy of the town ordinance the violation of which was charged against Scholl as alleged in said petition, and there was no allegation in the return that at the time the change was denied Placard

was the only justice of the peace in said town. The court sustained appellee's demurrer to said second return, and upon a hearing the peremptory writ was ordered as prayed. Of the eight causes of error assigned, but two are discussed, namely, that "the court erred in overruling the demurrer to the complaint in this action," and that "the court erred in sustaining a demurrer to the second paragraph of the answer of the appellant and return to the alternative writ of mandate." No alternative writ is in the transcript, and no demurrer was addressed to the "complaint" or petition, the sufficiency of which is discussed by counsel for the appellant. As a question of practice there could be no consideration of the sufficiency of a pleading, under an assignment of a ruling upon demurrer, when no such demurrer was ever filed or passed upon. It is likewise as impossible to determine the sufficiency of a return to an alternative writ when such writ is not in the record. As well could we determine the sufficiency of an answer to a complaint in the absence of the complaint. That a writ was ordered, that a demurrer was addressed to it, and that an answer was addressed to it, not only discloses that the proper practice was observed in the lower court in treating the writ as a complaint, but makes manifest the conclusion that the record in this court is incomplete, and that we are not permitted to measure the sufficiency of the writ, if that question were argued, or of the return made to it.

It is objected that the assignment of error is insufficient in presenting causes of error on behalf of Edward S. Placard as an individual, and not as an official, the capacity in which he was sued. "A writ of mandamus is a command issuing from a court of law of competent jurisdiction in the name of the State or sovereign directed to some inferior court, officer, cor-

poration, or person requiring them to do some particular thing therein specified, and which appertains to their office or duty." 14 Am. & Eng. Ency. of Law, p. 91. "A writ of mandamus runs only against the officer who is to do the particular official act commanded, and should be addressed to him in his official capacity." 14 Am. and Eng. Ency. of Law, p. 219. By the same authority, p. 220, it is said: "An action for mandamus is to be regarded as a proceeding against the officer, and not against the individual; and when proper papers have been once served upon the officer any proceeding which they warrant may be taken against his successors without commencing *de novo*." To this propositon are cited many authorities. We have no doubt that ordinarily this is true, but whether it is in every case is not so important as the general proposition, supported by the rules above stated, that the respondent is a party in his official capacity, and not as an individual. In no event is there any question upon the merits of the appeal before us.

The judgment of the circuit court is affirmed.